# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

In the Matter of: PORTER DEVELOPMENT PARTNERS, L.L.C.; WB MURPHY ROAD DEVELOPMENT, L.L.C.; CREEKMONT PLAZA PARTNERS, L.P.; CREEKMONT PLAZA PARTNERS GP, L.L.C.; REPLACEMENT SANCTUARY GP, L.L.C.; WB SANCTUARY GP, L.L.C.; WB CHANCEL GP, L.L.C.; WB 2610, L.L.C.; MEADOW CREST DEVELOPERS 226, L.P.; MEADOW CREST DEVELOPERS GP, L.L.C.; MORTON ; PORTER, L.P.; MORTON ; PORTER GP, L.L.C.; RIATA WEST INVESTMENT, L.L.C.; LAKECREST VILLAGE INVESTMENTS, L.L.C.; WB REAL ESTATE HOLDINGS, L.L.C.; US PUBLIC - PRIVATE REAL ESTATE FUND I, L.P.; WALLACE BAJJALI INVESTMENT FUND II, L.P.; WEST HOUSTON WB REALTY FUND, L.P.; WBIF II GP, L.L.C.; WB SUBSTITUTE GP, L.L.C.; PPP MANAGEMENT, L.L.C.,

     Debtors

WAYNE ENGLISH; JAMES D. COLLING,

     Appellants

v.

LOWELL T. CAGE, Trustee,

     Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1815

No. 18-20014

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Investors Wayne English and James D. Colling appeal, pro se, a bankruptcy court order denying their request that funds received by the bankruptcy estate of a company in which they had invested be dispersed to them directly. The district court affirmed the bankruptcy order, and—because English and Colling have shown no legal entitlement to the funds they seek— we likewise affirm.

I.

More than a decade ago, English and Colling each invested $100,000 in the Wallace Bajjali Investment Fund II, L.P. (Fund II). In violation of its partnership agreement, Fund II, in turn, invested more than 33% of its portfolio in BusinessRadio Network, L.P. (BizRadio), an affiliate of Kaleta Capital Management, Inc. (Kaleta).

In 2009, the Securities and Exchange Commission (SEC) sued Kaleta, alleging securities fraud. As a result, Kaleta went bankrupt, and a receiver was appointed to manage Kaleta's assets, which included the assets of BizRadio. Kaleta's receiver discovered that Kaleta had potential claims against Fund II. Rather than litigate these claims, the receiver and Fund II settled. The district court overseeing the Kaleta litigation approved the settlement.

In 2015, Fund II also filed for bankruptcy. In 2016, the receiver of the Kaleta bankruptcy estate moved to approve a final plan of distribution, which would compensate claimants with direct claims against BizRadio on a pro rata basis. Fund II, of course, had invested heavily in BizRadio, and would benefit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

from the distribution plan. Specifically, the receiver's plan contemplated distributing $124,716.46 recovered from BizRadio to Fund II's bankruptcy estate. There was initially no opposition to the receiver's motion, and the Kaleta court approved the plan.

Then, nearly two months later, English and Colling objected to the receiver's motion to approve the distribution plan. They argued that Fund II's bankruptcy estate was not entitled to the funds and that they instead should be the beneficiaries. The Kaleta court found their objection to be untimely and meritless. English and Colling did not appeal the Kaleta court's ruling. The proceeds were distributed to Fund II's bankruptcy estate in accordance with the plan.

English and Colling then moved the bankruptcy court overseeing Fund II's estate to disperse those funds to them, making arguments similar to those they pressed before the Kaleta court. English and Colling argued that Fund II's bankruptcy estate had no claim on any of the proceeds and so the distribution was invalid, that the distribution would be subject to transactional fees and expenses, and that they had not abandoned their claim to the funds. The bankruptcy court held that English and Colling's motion was barred by res judicata because the Kaleta court had already ruled on the claim they essentially were making: "they are entitled to the funds that the [Kaleta court] directed be paid to Fund II."

English and Colling appealed to the district court, arguing, *inter alia*, that res judicata did not apply. The district court declined to address their arguments because "appellants did not invest in [BizRadio], except through [Fund II]. Therefore, the appellants had no standing to recover directly in the [Kaleta litigation] and, therefore, their appeal fails." English and Colling now appeal to this court.

No. 18-20014

II.

We review a district court's resolution of an appeal from a bankruptcy court by "applying the same standard of review to the bankruptcy court decision that the district court applied." *In re Martinez*, 564 F.3d 719, 725–26 (5th Cir. 2009). We may affirm on any ground supported by the record. *In re Plunk*, 481 F.3d 302, 305 (5th Cir. 2007).

On appeal, English and Colling argue that they had standing[1] to pursue their claims against the Fund II bankruptcy estate, Fund II is not legally entitled to maintain possession of the distributed funds because it was vicariously liable for the actions of David Wallace and Costa Bajjali—the managers of Fund II who were defendants in the Kaleta litigation—and was a defendant in the SEC's litigation against Kaleta, and their claims were not barred by res judicata. For these reasons, they contend that they are "entitled" to the funds distributed to Fund II.

But even assuming that English and Colling are correct that they had standing to pursue their claims against the Fund II bankruptcy estate, that Fund II is not legally entitled to maintain possession of the distributed funds, and that their claims are not barred by res judicata, they have failed to offer any valid legal reason for why Fund II's bankruptcy estate should distribute the funds to them. They contend merely that, "as the defrauded party, [they] have a superior claim to the Distribution then [sic] the complicit and vicarious [sic] liable [Fund II] or any third party creditors who were neither defrauded by violations of the partnership agreement or listed and identified within the [Kaleta] litigation." This argument has no foundation in the bankruptcy code

---

[1] The trustee of the Fund II bankruptcy estate does not dispute that English and Colling have standing to pursue their claims.

No. 18-20014

or our case law. They never invested directly in BizRadio, and so they have no legal claim to those funds.

Because English and Colling failed to show that they legally were entitled to the funds they sought, the bankruptcy court was correct to deny relief. We AFFIRM.